

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-16-00316-CV

---

IN THE INTEREST OF R.K., A CHILD

---

On Appeal from the 72nd District Court
Lubbock County, Texas
Trial Court No. 2015-518,299, Honorable Kara L. Darnell, Presiding

---

September 14, 2016

## MEMORANDUM OPINION

### Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellants, J.W.K. and A.S., attempt to appeal an order terminating their parental rights to their child, R.K. We dismiss the appeal for want of jurisdiction and because appellants failed to comply with this court's order requiring a written explanation for their late notice of appeal.

The order of termination was signed on July 26, 2016. Consequently, appellants' notice of appeal was due on August 15, 2016. *See* TEX. R. APP. P. 26.1(b). Appellants filed a notice of appeal on August 18, 2016, but did not file a motion requesting an extension of time to file the notice of appeal.

Under Texas Rule of Appellate Procedure 26.3, the court may extend the time to file a notice of appeal if, within 15 days after the deadline expires, the appellant files the notice of appeal along with a motion requesting an extension that reasonably explains the need for an extension. *See* TEX. R. APP. P. 26.3, 10.5(b). Although a motion for extension is implied when the appellant tenders a notice of appeal within 15 days after the notice deadline, it is still necessary for the appellant to reasonably explain the need for an extension. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997); *Jones v. City of Houston*, 976 S.W.2d 676, 677 (Tex. 1998).

Because appellants filed a notice of appeal within 15 days after the deadline, a motion for extension was implied. However, by letter dated August 22, 2016, the court ordered appellants to file a written response by September 2, 2016, explaining why their notice of appeal was filed late. The court also informed appellants that failure to comply with the court's directive would result in dismissal of their appeal. Appellants have not responded to the court's directive for a written explanation. As such, appellants' late notice of appeal failed to invoke the jurisdiction of this court.

Accordingly, we dismiss the appeal for want of jurisdiction and because appellants failed to comply with an order from this court. TEX. R. APP. P. 42.3(a), (c).

Per Curiam